Battle,
 

 This case, in many "of its features, is like those of
 
 Thompson v. Williams,
 
 and
 
 Bogey v. Shute,
 
 decided at the June Term, 1854, of this court. 1 Jon. Eq., 176 and 180-. It seeks an injunction against one of the defendants, to witr Archibald J. McNair, to prevent a trespass upon his land, which he alleges will produce an irreparable waste and destruction to it, before he can recover in an action of trespass,
 
 vi et armis,
 
 at law, and that the defendant is insolvent, and will be unable to pay the damages which he may recover.
 

 The trespass charged is, that the defendant has “ cut down the timber, split up the lightwood, made the same into tar, and hauled oif and sold the same in market, and that he has threatened to cut, and box, and is now engaged in cutting and boxing the valuable pine trees and timber upon about 300 acres” of the complainant’s land. It is alleged that the land “ is mainly valuable on account of its timber, and that its marketable value will be irremediably injured by the trees being cut and boxed,” in the manner above stated. The bill stated further, that the defendant Archibald J. McNair was “counselled and aided” in his trespass by the other defendants, though, as complainant afterwards states, not in a manner to make them responsible in an action at law.
 

 The defendants deny that any trespasses were committed on the land of the complainant, and, while admitting that the defendant Archibald J. McNair had cut timber, &e., on lands which he had leased from the other defendants who
 
 *123
 
 were the owners of it, did not allege, as was done in the cases above referred to, that these acts improved, instead, of impairing, the value of the land. The answer denies positively and unequivocally the insolvency of the defendant, against whom the injunction is prayed, and not only avers his ability to pay any damages which the complainant may recover in an action, but states that two other persons, whom he names, were acting- jointly with him in committing the alleged trespasses, and that their solvency was unquestionable.
 

 Upon filing the answer, a motion was made by the defendant Archibald J. McNair to have the injunction dissolved, which was resisted upon two grounds:
 

 1st. Because one of the defendants, Mary McNair, did not answer the bill.
 

 2d. Because this being a special injunction, the complainant had a right to use his bill as an affidavit against the defendants, and to support it by other affidavits, and that from the bill, and these affidavits, it appeared that the defendant in the injunction was insolvent.
 

 Upon a mature consideration of the case, we are satisfied that neither ground of objection can be maintained.
 

 1st. Though the general rule in injunction causes is, that all the parties defendant must answer before a motion to dissolve will be entertained, yet it is well settled that there are exceptions to the rule One is, where it appears that the answer of the non-answering defendant, if it had been obtained, could not affect the rights of the party enjoined.
 
 Wilson
 
 v. Hendricks, 1 Jon. Eq., 295;
 
 Ijams
 
 v.
 
 Ijams,
 
 ante, p. 39.
 

 The only allegation, upon which the injuction in the present case could have been sustained, is that of the insolvency of the defendant Archibald J. McNair, and it is manifest that the missing answer could not have varied the case upon that point.
 

 
 *124
 
 2. It is clear, from all the cases, that the Courts of Equity interfere reluctantly in applications for special injunctions to restrain trespass, and never, unless it is apparent that, but for such interference, the injury will be irreparable, and where no redress can be obtained at law. See
 
 Irwin
 
 v.
 
 Davidson,
 
 3 Ire. Eq., 311;
 
 Howell
 
 v.
 
 Howell,
 
 5 Ire. Eq., 258;
 
 Simpson
 
 v.
 
 Justice,
 
 8 Ire. Eq., 115;
 
 Lyerly
 
 v.
 
 Wheeler,
 
 Busb. Eq., 267. If it be shown that the acts which are charged as the trespass will rather improve than injure the land, the injunction will be dissolved, without reference to any thing else.
 
 Thompson
 
 v.
 
 Williams,
 
 and
 
 Bogey
 
 v.
 
 Shute, ubi supra.
 
 But if that do not appear, it then becomes important to consider, whether a recovery at law would be unavailing-on account of the alleged insolvency of the defendant.
 

 This allegation, when directly and positively denied in the answer, must be proved by the complainant, for the
 
 onus
 
 of such proof is upon him. Wo think that, in the present case, he has failed to make this proof His testimony has only raised a doubt, when it ought to have produced conviction. In addition to this, the defendant avers that the alleged trespasses were committed by two other persons conjointly with him, and that they are responsible men. We have a right, on this motion, to consider this allegation, and we must take it to be true, as it is not disproved, or even denied. This, of itself is sufficient to dispose of the case, for it shows that the complainant has an ample remedy at law for all the damages which he can prove to have been sustained by the grievances of which he complains. The order made by the court below, dissolving the injunction, must be affirmed.
 

 Per Curiam.
 

 Order affirmed.